IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEMARCUS WILLIAMS, #296 345, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:18-CV-938-WHA |
| | )                       [WO] |
| C.O. DARRYL MCMILLIAN, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Donaldson Correctional Facility in Bessemer, Alabama, filed this 42 U.S.C. § 1983 complaint on November 1, 2018. Upon review, the court concludes that the dismissal of Plaintiff's complaint against the Alabama Department of Corrections and the Bullock Correctional Facility prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

## **I. DISCUSSION**

Plaintiff names the Alabama Department of Corrections and the Bullock Correctional Facility as defendants. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). Because Plaintiff's complaint against the Alabama Department of Corrections and the Bullock Correctional

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have her complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

Facility is "based on an indisputably meritless legal theory," these defendants are subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's § 1983 claims against Defendants the Alabama Department of Corrections and the Bullock Correctional Facility be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

2. The Alabama Department of Corrections and the Bullock Correctional Facility be DISMISSED with prejudice and terminated as parties prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i);

3. This case be REFERRED to the undersigned for further proceedings.

It is further ORDERED that **on or before March 5, 2019**, Plaintiff may file an objection to the recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE on this 19th day of February, 2019.

```
_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE
```